IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DEBORAH MOODY, | PLAINTIFF, |
| V. | CASE NO.: _____ |
| MINACT, INC., JOHN DOE CORPORATIONS 1-3, AND JOHN DOE INDIVIDUALS 1-3, | DEFENDANTS. |

COMPLAINT FOR DISCRIMINATION
JURY TRIAL REQUESTED

COMES NOW, Plaintiff Deborah Moody (hereinafter "Ms. Moody"), by and through her attorneys of record, and files this Complaint for Discrimination and Retaliation against Defendant Minact, Inc. (hereinafter "Minact"), and in support thereof will show as follows:

1. This action is brought to remedy discrimination on the basis of race and retaliation against Moody by Minact for activity protected under Title VII in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 USC § 2000e, et seq ("Title VII"), and the Civil Rights Act of 1866, 42 USC § 1981.

2. Injunctive and declaratory relief, damages, and other appropriate legal and equitable relief are sought pursuant to 42 USC § 1981 and 42 USC § 1981a.

3. On or about July 7, 2021, Ms. Moody, an African American female and a resident of DeSoto County, Mississippi, filed a charge of discrimination against Minact with the Equal Employment Opportunity Commission ("EEOC"), alleging, among other things, retaliation. A copy of the charge is attached as **Exhibit "A"**.

4. At all times pertinent hereto, Plaintiff Moody has been a resident of the State of Mississippi, and was employed by Defendant. Plaintiff Moody is a member of a protected class due to her race, black.

5. At all times pertinent hereto, Defendant Minact, Inc. is a corporation which is and has been organized and existing under the laws of the State of Mississippi and which is registered to do and is doing business within the State of Tennessee, and may be served with process by serving its Registered Agent, Rotisha Pinson, Ben L. Hooks Job Corps Center, 1555 McAlister Drive, Memphis, TN 38116.

6. John Doe Corporations 1, 2, and 3 are not known, but will or may become known during discovery and this complaint may be amended to name them as parties, if necessary.

7. John Doe Individuals 1, 2, and 3 are not known, but will or may become known during discovery and this complaint may be amended to name them as parties, if necessary.

8. At all times pertinent to this action, Plaintiff Moody has been an "employee" of Defendant as that term is used under the applicable laws identified above, at Defendant's business location in Memphis, Shelby County, Tennessee.

9. More than 180 days have elapsed since the filing of Ms. Moody's charge, and the EEOC issued Ms. Moody a notice informing her of her right to sue Minact in federal court. A copy of the right to sue letter is attached as **Exhibit "B"**.

10. Ms. Moody has complied fully with the prerequisites to jurisdiction in this Court under Title VII. Jurisdiction of the Court is proper under 42 USC § 2000e-5(f)(3) of Title VII, and 28 USC § 1331, 1343(3)-(4), and under 28 USC § 221 of the Declaratory Judgment Act.

11. Venue is proper in this Court under 28 USC § 1391(b)-(c), because all or a substantial part of the events or admissions giving rise to these claims occurred in Shelby County, Tennessee.

12. Ms. Moody has been employed by Minact since May 7, 2010.

13. Throughout her employment with Minact, Ms. Moody believes she was a valued employee and regularly exceeded her employer's expectations in her job performance.

14. Unfortunately for Ms. Moody, despite some ups and downs in her employment, it ended abruptly when she was terminated after being a witness in another discrimination issue and after making legal complaints about discrimination, retaliation, illegal conduct, and other matters.

15. She was issued a termination notice attached hereto as **Exhibit "C"**.

16. The notice was simply a pretext for discrimination in an effort to end Ms. Moody's employment in retaliation for her legal actions, all in violation of the aforesaid statutes.

17. Ms. Moody's actions were protected activity, lawfully conducted or reported, and she suffered a material change in job circumstances as a result of improper retaliation by Minact.

WHEREFORE, Deborah Moody, respectfully requests that this Court enter a judgment (a) declaring that the action practices complained of herein are in violation of the laws of the United States; (b) enjoining and permanently restraining these violations of the laws of the United States; (c) directing Defendant Minact to take such affirmative action to ensure that the effects of these unlawful employment practices are eliminated; (d) awarding Ms. Moody lost wages (back pay and front pay), including lost fringe benefits, which resulted from the illegal discrimination and retaliation; (e) awarding Ms. Moody compensatory and punitive damages in

an amount that is yet to be ascertained for the injuries suffered as a result of the illegal acts of Defendant Minact, Inc; and (f) that this matter be tried by a jury.

Date: 5-13-22

Respectfully submitted,

Richard Underwood, TNB 14515
HARRIS | SHELTON, PLLC
6060 Primacy Parkway, Ste 100
Memphis, TN 38119
901.525.1455/901.567.9282 (e-fax)
runderwood@harrisshelton.com
*Attorney for Plaintiff*