IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| DEBORAH MOODY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 22-cv-2297-SHM-cgc |
| | ) | |
| MINACT, INC., JOHN DOE | ) | |
| CORPORATIONS 1-3, and JOHN | ) | |
| DOE INDIVIDUALS 1-3, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**

This is an employment discrimination and retaliation case. Before the Court is Defendant Minact, Inc.'s ("Minact") Motion for Judgment on the Pleadings. (ECF No. 25.) Plaintiff Deborah Moody ("Moody") has responded. (ECF No. 27.) Minact has replied. (ECF No. 29.) For the following reasons, the Motion is **GRANTED**. Because the Motion addresses all of the claims in the Complaint, the case is **DISMISSED**.

**I.    Background**

Moody began working for Minact on May 7, 2010. (ECF No. 1 at ¶ 12.) On July 7, 2021, Moody filed a charge with the Equal Employment Opportunity Commission ("EEOC"), alleging that Minact had retaliated against her for filing complaints in 2017 and 2018 and for participating as a witness in an investigation in

2019. (ECF No. 1, Ex. A.) In her EEOC charge, Moody alleged that she was subject to a hostile work environment, which included receiving poor evaluations, being singled out, and being threatened with disciplinary actions. (Id.) On February 16, 2022, the EEOC issued a Notice of Right to Sue based on Moody's charge. (ECF No. 1, Ex. B.) On March 2, 2022, after the EEOC had issued its Notice, Minact terminated Moody. (ECF No. 1, Ex. C.)

Moody filed suit on May 13, 2022, alleging violations of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, and the Civil Rights Act of 1866 ("§ 1981"), 42 U.S.C. § 1981, for discrimination and retaliation. (ECF No. 1.)

**II.  Jurisdiction**

District courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Moody brings claims under Title VII and § 1981. The Court has jurisdiction over those claims.

**III. Standard of Review**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings." A Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." Paskvan v. City of Cleveland Civil Serv. Comm'n, 946 F.2d

1233, 1235 (6th Cir. 1991). The standard of review for a judgment on the pleadings is the same as the standard for a motion to dismiss under Rule 12(b)(6). Fritz v. Charter Twp. of Comstock, 592 F.3d 718, 722 (6th Cir. 2010).

Rule 12(b)(6) allows dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." The Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). A complaint need not contain detailed factual allegations. However, a plaintiff's "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

**IV. Analysis**

**A. Title VII Claims**

Minact argues that Moody's Title VII claim should be dismissed because Moody did not exhaust her administrative

3

remedies. (ECF No. 25.) Moody argues that her complaint with the EEOC was timely filed. (ECF No. 27.)

A plaintiff filing a lawsuit based on Title VII must first exhaust her administrative remedies by filing a charge with the EEOC. Samuels v. Correctional Medical Services, Inc., 591 Fed. Appx. 475, 486 (6th Cir. 2015). The suit must be based on the claims in the EEOC charge. Id. A plaintiff who is terminated after the EEOC issues its Notice of Right to Sue cannot file suit based on the termination without filing a new EEOC charge based on the termination. Id. Moody was terminated on March 2, 2022, after the EEOC had issued its Notice of Right to Sue on February 16, 2022. Moody's suit is based on her termination, not the allegations in her EEOC charge. (ECF No. 1 at ¶¶ 15, 16.) Because Moody has not exhausted the administrative remedies on her termination claim, her Title VII claims based on her termination are **DISMISSED**.

### B. § 1981 Claim

Minact argues that Moody's § 1981 claims should be dismissed because Moody failed to allege that discrimination was a but-for cause of her termination. (ECF No. 25.) Moody does not address Minact's § 1981 argument in her response. (ECF No. 27.)

To prevail in a §1981 claim alleging retaliation, "a plaintiff must initially plead and ultimately prove that, but for race, she would not have suffered the loss of a legally

4

protected right." Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media, 140 S. Ct. 1009, 1014 (2020).

Moody did not allege that discrimination was a but-for cause of her termination. Paragraph one of the Complaint states that the action is brought to remedy discrimination and retaliation in response to activity protected by Title VII and § 1981. (ECF No. 1 at ¶ 1.) Paragraph 16 states that the Separation Notice Moody was given was a pretext for firing her "in retaliation for her legal actions." (Id. at ¶ 16.) The Complaint does not otherwise reference discrimination. It focuses entirely on the protected activity in which Moody engaged and alleges that she was fired in retaliation for that activity. It does not allege that Moody was fired because of her race. Because the Complaint did not allege race as a but-for cause of Moody's termination, Moody's discrimination claim is **DISMISSED**.

### C. Leave to Amend

In her response, Moody contends that she may amend her complaint as of right if necessary.

FRCP 15(a)(1) allows amendment as of right within 21 days after the pleading is served or within 21 days of the earlier of a responsive pleading or motion under Rule 12(b), 12(e), or 12(f). FRCP 15(a)(1). The Complaint was filed on May 13, 2022. (ECF No. 1.) More than 21 days have elapsed. The Answer was filed on August 24, 2022. (ECF No. 13.) More than 21 days have elapsed.

5

No motion under Rule 12(b), (e), or (f) has been filed. Moody cannot amend as of right.

FRCP 15(a)(2) provides that courts "should freely give leave [to amend pleadings] when justice so requires." FRCP 15(a)(2). Because there is a scheduling order in this case, Rule 16 applies. FRCP 16(b)(4) imposes a good cause requirement to modify the scheduling order. To show good cause, a party must show that she could not have met the original scheduling deadline with ordinary diligence and that the amendment will not prejudice the defendants. Leary v. Daeschner, 349 F.3d 888, 907 (6th Cir. 2003). Pursuant to the Scheduling Order, Moody had until May 15, 2023 to amend her Complaint. (ECF No. 20.) Her response gives no reason that she could not have met the original deadline to amend her Complaint. (ECF No. 27.) Leave to amend is **DENIED.**

**V.   Conclusion**

For the foregoing reasons, Minact's Motion is **GRANTED.** The case is **DISMISSED.**

So ordered this 8th day of September, 2023.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

6